692 S.E.2d 906

**In the Matter of Jane Matthews MOODY, Respondent.**

**No. 26809.**

Supreme Court of South Carolina.

Submitted March 30, 2010.

Decided April 26, 2010.

Lesley M. Coggiola, Disciplinary Counsel, and Barbara M. Seymour, Deputy Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Jane Matthews Moody, of Blackville, pro se.

PER CURIAM.

In this attorney disciplinary matter, the Office of Disciplinary Counsel (ODC) and respondent have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21, RLDE, Rule 413, SCACR. In the Agreement, respondent admits misconduct and consents to the imposition of a definite suspension not to exceed two (2) years with conditions and payment of costs. *See* Rule 7(b), RLDE, Rule 413, SCACR. She requests the suspension be made retroactive to the date of her interim suspension.[1] We accept the Agreement and impose a definite suspension of two years with conditions and payment of costs. The suspension shall run retroactively from the date of respondent's interim suspension. The facts, as set forth in the Agreement, are as follows.

## FACTS

Respondent operated a solo practice in Barnwell for approximately fifteen years. In October 2007, she closed her law office after training to teach high school. At the time, respondent had more than fourteen active clients. She did not notify her clients, opposing counsel, or the courts that she had ceased practicing law. Further, although she had ceased going to her office, she did not make arrangements to have her mail forwarded or to notify the South Carolina Bar of her current mailing address.

---

1. Respondent was placed on interim suspension on October 1, 2009. *In the Matter of Moody*, 385 S.C. 239, 684 S.E.2d 175 (2009).

In April 2008, respondent was suspended from the practice of law for non-payment of license fees. In June 2008, she was suspended for failure to comply with mandatory continuing legal education requirements. Respondent did not notify her clients that she had been suspended.

Respondent failed to respond to several inquiries from ODC and to Notices of Full Investigation. Although she did appear to give statements pursuant to subpoena in two matters, she did not produce all of the subpoenaed records or her trust account records. On October 1, 2009, respondent was placed on interim suspension after she failed to respond to subsequent disciplinary inquiries and failed to appear for a Rule 19(c), RLDE, interview in September 2009. *Id.* At the time of her interim suspension, respondent still had not informed her clients that she had closed her law office.

## *Matter I*

On October 30, 2007, ODC sent respondent the complaint from Complainant A with a request that she respond in writing within fifteen days. When no response was received by December 4, 2007, ODC sent respondent a reminder letter requesting her immediate response. Respondent did not open either letter because she had allowed mail to gather and remain unopened in her law office.

On January 22, 2008, ODC issued a Notice of Full Investigation which was subsequently returned by the post office marked "unclaimed." On February 27, 2008, a SLED agent served the notice on respondent at the high school where she was employed. The notice required respondent to provide a written response within thirty days, but respondent did not respond. On May 6, 2008, respondent appeared at the Office of Disciplinary Counsel pursuant to subpoena and gave a Rule 19(c)(5), RLDE, statement under oath.

Based on respondent's statement and review of the client file, ODC has determined that respondent was appointed to represent Complainant A in a post-conviction relief action in the summer of 2006. Respondent appeared on Complainant A's behalf at the PCR hearing in August 2007. The PCR

judge indicated that he was denying the PCR application and instructed the attorney for the State to prepare a formal order. At that time, respondent briefly discussed the denial of the application with Complainant A and told him that, while an appeal was possible, she did not believe there were any meritorious issues.

After the hearing respondent took no action on behalf of Complainant A. At the time she closed her law office in October 2007, she had not received the proposed order from the attorney for the State. Respondent neither notified Complainant A, the court, or opposing counsel that she had closed her office, nor provided them with new contact information. Respondent did not regularly collect or open her mail at the law office from October 2007 forward.

As of May 2008, when respondent appeared at ODC pursuant to Rule 19(c)(5), RLDE, she did not know the status of Complainant A's case. In June 2008, respondent had a colleague send Complainant A a copy of the order in his PCR action. At no time did respondent file a notice of appeal, advise Complainant A of the time limitations on his ability to appeal, or provide him with his file so that he could pursue the matter.

### Matter II

In late 2004, Complainant B retained respondent to file for reconsideration of a denial of Social Security benefits. Respondent filed the request for reconsideration; it was denied in July 2005. Respondent then filed a request for an administrative hearing. Because of the delay in obtaining administrative hearings, it was respondent's practice to wait a year from the date of the request before contacting the Social Security Administration about the status of the request for a hearing. However, respondent took no action on Complainant B's behalf after filing the request for hearing.

Respondent did not communicate with Complainant B after the first of 2006. She did not notify Complainant B or the Administrative Law Judge's office that she closed her law office in October 2007. Respondent did not receive or respond

to a certified letter sent to her by Complainant B in March 2008 because she did not routinely retrieve or open mail sent to her law office address.

Respondent did submit a response to the Notice of Full Investigation in this matter. She appeared to give an interview on October 3, 2008. Respondent had been served with a subpoena to bring the client file, but she did not produce the client file at the interview. She stated she had mailed the original file to Complainant B, but had retained a copy. At the conclusion of the interview, ODC instructed respondent to deliver the file immediately. As of the date of the Agreement, respondent had not produced the file and had not responded to further contact from ODC.

## Matter III

On April 13, 2007, Mr. and Mrs. Doe paid respondent $1,100.00 to assist them in adopting the child of their deceased daughter-in-law. On April 17, 2007, the Does' son signed a termination of parental rights. Respondent's file contained a draft Complaint and Petition for Appointment of Guardian ad Litem dated June 29, 2007. Respondent took no action in the matter after June 29, 2007. Respondent did not communicate with Mr. and Mrs. Doe after June 2007, did not notify them that she closed her office in October 2007, or that she was suspended in April 2008.

Respondent did not submit a written response to the Notice of Full Investigation in this matter. She did respond to questions when she appeared at ODC in October 2008. At that time, respondent was unsure if she actually filed the action for Mr. and Mrs. Doe. She agreed at that time to contact the court to find out and provide the information to ODC within fifteen days. Respondent did not provide the information as requested and did not communicate with ODC about this matter since that time.

At the time respondent represented Mr. and Mrs. Doe, she did not maintain a client trust account. It was her practice to convert payments received from her clients to cash and hold it in the file until she needed it for filing fees and other

expenses. Respondent charged flat fees for her work, but did not hold the funds in trust until earned.

## Matter IV

On May 31, 2007, respondent received a fee of $700.00 to handle a name change for Complainant C. Respondent did not hold the fee in trust until it was earned. Respondent did not take any meaningful action on behalf of Complainant C and, to date, respondent had not returned the fee. Respondent did not respond to the Notice of Full Investigation in this matter.

## Matter V

Respondent represented Complainant D in a domestic matter that was concluded in July 2007. Sometime after the end of that representation, Complainant D asked respondent for her client file. Because Complainant D moved out of state, disconnected her local telephone number, and changed her name, respondent was unable to contact her in order to make arrangements to deliver the file.

Complainant D provided her current contact information when she filed a grievance complaining that she had not received her file from respondent. ODC gave respondent the contact information on October 3, 2008. At the time of respondent's interim suspension in October 2009, respondent still had not provided Complainant D with her client file. Respondent failed to appear at ODC pursuant to subpoena in September 2009 for a Rule 19(c), RLDE, interview.

## Matter VI

In April 2007, Complainant E paid respondent $475.00 to handle a divorce matter. Respondent failed to diligently pursue the matter.

On July 9, 2007, respondent wrote Complainant E and informed her she was going to start teaching school. In the letter, respondent stated she would not be closing her law office and agreed to continue to handle Complainant E's case, however, respondent closed her law office in October 2007

without informing Complainant E and took no further action on the case.

Complainant E left numerous telephone messages for respondent. The messages were not returned. Complainant E wrote respondent and asked for a refund, but respondent did not respond or comply.

Respondent did not respond to the Notice of Full investigation in this matter. She did not appear for the Rule 19(c), RLDE, interview in September 2009.

## LAW

Respondent admits that her misconduct constitutes grounds for discipline under Rule 7(a)(1), RLDE, Rule 413, SCACR (lawyer shall not violate Rules of Professional Conduct or any other rules of this jurisdiction regarding professional conduct of lawyers). In addition, respondent admits she has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (lawyer shall provide competent representation to client); Rule 1.2 (lawyer shall consult with client about objectives of representation); Rule 1.3 (lawyer shall act with reasonable diligence and promptness in representing a client); Rule 1.4 (lawyer shall keep client reasonably informed about status of a matter, promptly comply with reasonable requests for information, and explain matter to extent reasonably necessary to permit client to make informed decisions regarding the representation); Rule 1.5 (lawyer shall not charge unreasonable fee); Rule 1.15(a) (lawyer shall safeguard client property); Rule 1.15(c) (lawyer shall deposit into client trust account unearned legal fees and expenses paid in advance, to be withdrawn by lawyer only as fees are earned or expenses incurred); Rule 1.16 (upon termination of representation, lawyer shall take steps to the extent reasonably practicable to protect client's interests, including reasonable notice to client, refunding of unearned advance payment fee, and surrendering property to which client is entitled); Rule 8.1(a) (lawyer shall not knowingly make a false statement of material fact in connection with a disciplinary matter); Rule 8.1(b) (lawyer shall not knowingly fail to respond to lawful demand for information from disciplinary authority); and Rule 8.4(a)

(it is professional misconduct for lawyer to violate the Rules of Professional Conduct).

## CONCLUSION

We accept the Agreement for Discipline by Consent and impose a definite suspension of two years, subject to the following condition: within ninety days of this opinion, respondent shall pay restitution as follows: $1,100.00 to Mr. and Mrs. Doe, $700.00 to Complainant C's mother, and $475.00 to Complainant E; if the Lawyers Fund for Client Protection (the Fund) paid or pays any claims on respondent's behalf, respondent shall reimburse the Fund within thirty days of payment.[2]  Respondent's suspension shall be imposed retroactively to October 1, 2009, the date of her interim suspension. *In the Matter of Moody, supra.*

Further, within thirty days of the date of this opinion, respondent shall pay the costs incurred in the investigation and prosecution of this matter to the ODC and the Commission on Lawyer Conduct.  Finally, should she seek reinstatement, in addition to any other requirements imposed by this Court upon reinstatement, respondent shall 1) enter into a two-year monitoring contract with Lawyers Helping Lawyers [3] and 2) within one year of reinstatement, complete the South Carolina Bar Legal Ethics and Practice Program Trust Account School and Ethics School.  Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that she has complied with Rule 30, RLDE, Rule 413, SCACR.

**DEFINITE SUSPENSION.**

TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.

---

2.  If the Fund paid claims to the individuals listed herein, respondent shall not be required to pay the individuals but to reimburse the Fund.

3.  On a quarterly basis during the contract period, respondent shall be required to file an affidavit with the Commission on Lawyer Conduct attesting to her compliance with the terms of the contract.